UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VS SERVICE COMPANY, LLC,<br><br>Plaintiff,<br>- against -<br><br>ORIENT OVERSEAS CONTAINER LINE LIMITED,<br><br>Defendant. | Civil Action No. 1:26-cv-09522 |

**DEFENDANT ORIENT OVERSEAS CONTAINER LINE LIMITED'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(a), 1333, 1441(a), and 1446, Defendant Orient Overseas Container Line Limited ("OOCL") hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, OOCL avers as follows:

**PROCEDURAL HISTORY AND RELEVANT FACTS**

1. On October 2, 2026, Plaintiff VS Service Company, LLC ("Plaintiff" or "VS Service") commenced an action by filing a Summons and Verified Complaint (the "Complaint" or "Compl.") in the Supreme Court of the State of New York, County of New York, under Index No. 655623/2026 (the "State Court Action").

2. As of October 29, 2026, OOCL has not been served with the Complaint.

3. The Complaint alleges that Plaintiff "is a Delaware Limited Liability Company, with an Ohio principal business address of Three Limited Parkway, Columbus, Ohio 43230." Compl. ¶ 1. The Complaint does not identify Plaintiff's member or members.

4. The Complaint names OOCL as the sole defendant and alleges that OOCL is "a Hong Kong corporation conducting business in this judicial district as a common carrier of goods by water, with an office and place of business at 31/F Harbour Centre, Wanchai, Hong Kong." *Id.* at ¶ 2.

5. Plaintiff alleges that, on or about May 1, 2025, Plaintiff and OOCL entered into a Service Contract (the "Agreement") under which OOCL agreed to provide "transportation services in international commerce" to Plaintiff, including transportation of goods identified as Purchase Order Nos. 5100569837, 5100569850, 5100569894, 5100570614, 5100570616, 5100571121, 5100571123, 5100574517, 5100580942, 5100580963, and 5100583450 (collectively, the "Cargo") from Haiphong, Vietnam to Reynoldsburg, Ohio, on or about August 27, 2025 (the "Shipment"). *Id.* at ¶ 9.

6. Plaintiff attached a bill of lading for the Shipment as Exhibit A to the Complaint. *Id.*

7. Plaintiff alleges that OOCL accepted the Shipment for carriage in container UETU5156702 from Haiphong, Vietnam to Reynoldsburg, Ohio via the port of Long Beach, California aboard COSCO KAOHSIUNG under FCR HAWB Nos. R5T0569861, R5T0569862, R5T0569865, and R5T0569877 (the "Bills of Lading") and the Agreement. *Id.* at ¶ 13.

8. Plaintiff further alleges that OOCL's duties "included those of a common carrier in accordance with COGSA," *id.* at ¶ 14, and that under Section 10(b) of the Agreement OOCL agreed to be liable "for up to $500 per carton pursuant to COGSA," *id.* at ¶ 12.

9. Plaintiff alleges that, upon delivery in the United States on or about October 3, 2025, the Shipment was missing 556 cartons containing 36,739 units, and that the loss was

caused by OOCL's "breach of contract and its duties under COGSA and the general maritime law." *Id.* at ¶¶ 15, 17, 19.

10. The Complaint asserts three causes of action arising from the same alleged loss: (1) "Loss of Cargo – COGSA"; (2) breach of contract; and (3) negligence. *Id.* at ¶¶ 20-35. Each seeks $278,000.00, which Plaintiff calculates "in accordance with the $500 per carton liability limit provided in COGSA." *Id.* at ¶¶ 23, 30, 35. Plaintiff itself characterizes the action as one seeking "in personam monetary relief for cargo loss and damage arising from a maritime shipment," and cites 28 U.S.C. § 1333. *Id.* at ¶ 4.

11. Plaintiff further alleges that, in the contract governing the Shipment, OOCL "expressly agreed to submit to the jurisdiction of the state and federal courts located in New York." *Id.* at ¶ 6.

## GROUNDS FOR REMOVAL

### A. This Court Has Diversity Jurisdiction Under 28 U.S.C. §§ 1332(a) and 1441(a)

12. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

13. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(2) because this is a civil action between a citizen of a State and a citizen or subject of a foreign state, and the matter in controversy exceeds $75,000, exclusive of interest and costs. Diversity must be supported by "competent proof" showing "a reasonable probability that diversity jurisdiction is satisfied." *Kupferberg v. Baez*, 24-cv-08653 (ER), 2025 WL 2346060, at *7 (S.D.N.Y. Aug. 13, 2025) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)).

14. *Kupferberg* supplies the governing framework. The citizenship of a limited liability company "is determined by reference to the citizenship of its members," while a corporation is a citizen of its place of incorporation and its principal place of business. *Id.* at *2 n.3 (quoting *Catskill Litig. Tr. v. Park Place Ent. Corp.*, 169 F. App'x 658, 659 (2d Cir. 2006)).

15. In *Kupferberg*, the defendants provided "no details on the sources or grounds for their 'information or belief' or what sources were consulted during the course of counsel's 'reasonable investigation.'" *Id.* at *7.

16. Here, OOCL's investigation reveals removal is appropriate. OOCL affirmatively identifies Plaintiff's sole member and that member's citizenship, and it identifies and attaches the specific documentary sources on which those allegations rest, as set forth in paragraph 18, including its sub-parts (a) through (c) below.

17. Plaintiff's state of formation (Delaware) and alleged principal business address (Ohio) do not themselves determine its citizenship. Plaintiff is a wholly owned subsidiary whose sole member is Victoria's Secret & Co. ("VS & Co."). That is established by the following sources, each of which is attached hereto:

a) Plaintiff's own disclosure in federal court. On or about February 19, 2026, Plaintiff, together with affiliated entities, filed a Disclosure of Corporate Affiliations and Financial Interest in the United States Court of International Trade in *MII Brand Import, LLC, et al. v. United States of America, et al.*, CIT Docket for Case No. 1:26-cv-01050-RKE, Dkt. No. 4, representing that "VS Service Company, LLC [is a] wholly-owned subsidiar[y] of Victoria's Secret & Co., Inc, a publicly traded corporation on the New York Stock Exchange." A true

and correct copy is attached as **Exhibit B**. The registrant's exact corporate name, as reflected in its SEC filings, is "Victoria's Secret & Co."

b) Exhibit 21.1 to VS & Co.'s Form 10-K. Exhibit 21.1 annexed to VS & Co.'s most recent Annual Report on Form 10-K dated March 20, 2026, "Subsidiaries of the Registrant," lists "VS Service Company, LLC" as a subsidiary of VS & Co. with Delaware as its jurisdiction of incorporation. *See* Ex. C at p. 133. A true and correct copy is attached as **Exhibit C**.

c) VS & Co.'s Form 8-K. VS & Co.'s Current Report on Form 8-K, dated October 9, 2026, identifies VS & Co.'s "State or other jurisdiction of incorporation" as Delaware with its principal executive offices at 4 Limited Parkway East, Reynoldsburg, Ohio. A true and correct copy is attached as **Exhibit D**.

18. Accordingly, VS & Co. is a citizen of Delaware (its state of incorporation) and Ohio (its principal place of business), and Plaintiff, through its sole member, is a citizen of Delaware and Ohio for purposes of 28 U.S.C. § 1332.

19. OOCL is a foreign corporation organized under the laws of Hong Kong with its principal place of business in Hong Kong. *See* Compl. ¶ 2. OOCL is therefore a citizen or subject of a foreign state and is not a citizen of any State of the United States, for purposes of 28 U.S.C. § 1332(a)(2) and (c)(1).

20. Accordingly, complete diversity exists between Plaintiff, a citizen of Delaware and Ohio, and OOCL, a citizen of Hong Kong. Specifically, Plaintiff VS Service Company, LLC is a Delaware limited liability company whose sole member is Victoria's Secret & Co., a Delaware corporation with its principal place of business in Reynoldsburg, Ohio. Defendant OOCL is a Hong Kong corporation with its principal place of business in Hong Kong.

21. The Complaint demands $278,000.00 in general damages, plus interest and costs. Compl. ¶¶ 23, 30, 35 & Wherefore Clause. The sum demanded in good faith in the initial pleading is deemed to be the amount in controversy, 28 U.S.C. § 1446(c)(2), and exceeds $75,000, exclusive of interest and costs.

22. The forum-defendant rule, 28 U.S.C. § 1441(b)(2), does not bar removal. OOCL is not a citizen of New York, and in any event the rule applies only to a forum defendant that has been "properly joined and served." *Kupferberg*, 2025 WL 2346060, at *5 (citing *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705-06 (2d Cir. 2019)). OOCL has not been served.

### B. This Court Has Original Admiralty Jurisdiction Under 28 U.S.C. § 1333 Because Plaintiff's Claims Are Governed by COGSA

23. The district courts have original jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction[.]" 28 U.S.C. § 1333(1).

24. The Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 note, governs "[e]very bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade," and applies to "all contracts for carriage of goods by sea to or from ports of the United States in foreign trade." *See Nat'l Auto. Publ'ns, Inc. v. U.S. Lines, Inc.*, 486 F. Supp. 1094, 1098-99 (S.D.N.Y. 1980) (quoting COGSA, then codified at 46 U.S.C. §§ 1300, 1312).

25. *National Automotive* is directly on point. There, as here, a shipper filed suit against an ocean carrier in the Supreme Court of the State of New York, County of New York, for breach of contract and negligence, and the carrier removed the action to this Court under 28 U.S.C. § 1441 on the ground that the action was "governed by the provisions of COGSA and accordingly falls within the ambit of this Court's admiralty jurisdiction." *Nat'l Auto.*, 486 F. Supp. at 1096, 1098. This Court held that because the shipment "involved foreign trade" and "a

bill of lading was issued by defendant to plaintiff," COGSA "applies of its own force to the case at bar and federal jurisdiction exists." *Id.* at 1099. The Court further held that COGSA's remedies are exclusive, so that claims arising from the bill of lading "are governed solely by the provisions of COGSA" and cannot be circumvented by recasting them as common-law contract or negligence claims. *Id.*

26. The same result follows here. The Shipment moved in foreign trade, from Haiphong, Vietnam to the port of Long Beach, California in the United States. Compl. ¶¶ 9, 13, 17. It was carried under the Bills of Lading, a copy of which Plaintiff attached to its Complaint. *Id.* Plaintiff's First Cause of Action is expressly pleaded under COGSA, *id.* at ¶¶ 20-23; Plaintiff alleges that OOCL's duties were those of "a common carrier in accordance with COGSA," *id.* at ¶ 14; and Plaintiff measures its damages by COGSA's $500 per-package limitation, *id.* at ¶ 23. COGSA therefore applies of its own force, and this Court has original admiralty jurisdiction. *See Nat'l Auto.*, 486 F. Supp. at 1099.

27. Plaintiff's Second and Third Causes of Action, for breach of contract and negligence, do not alter the analysis. They seek recovery for the identical loss of the identical 556 cartons, under the same Agreement and Bills of Lading, in the identical COGSA-derived amount. Compl. ¶¶ 24-35. Such claims are governed exclusively by COGSA. *Nat'l Auto.*, 486 F. Supp. at 1099.

28. Plaintiff's invocation of the "saving to suitors" clause of 28 U.S.C. § 1333, Compl. ¶ 4, does not defeat removal. *See Forde v. Hornblower N.Y., LLC*, 243 F. Supp. 3d 461, 469 (S.D.N.Y. 2017) (recognizing that the saving-to-suitors clause does not render all maritime claims filed in state court non-removable). The lawsuit here is of a "traditional maritime character" – cargo incident following the carriage of goods by sea on a through bill of lading.

Further, the saving-to-suitors clause bars removal of admiralty claims only "absent an independent basis for federal court jurisdiction." *Id.* at 469. That clause preserves remedies; it does not guarantee a state forum. As set forth above, complete diversity of citizenship independently supports removal under 28 U.S.C. §§ 1332(a) and 1441(a), so removal is proper regardless of how the saving-to-suitors clause is construed. *Id.*

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

29. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely. Plaintiff commenced the State Court Action by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York, on October 2, 2026, under Index No. 655623/2026. To date, Plaintiff has not served OOCL with the Summons and Complaint. OOCL first learned of the State Court Action on or about October 5, 2026, when its counsel learned of the filing through a publicly available website and thereafter obtained a copy of the Summons and Complaint from the New York State Courts Electronic Filing (NYSCEF) docket. Because OOCL has not been formally served, the thirty-day removal period under 28 U.S.C. § 1446(b)(1) has not yet begun to run. In any event, OOCL files this Notice of Removal within thirty (30) days of the filing of the State Court Action, so removal is timely under any measure.

30. OOCL is the only defendant named in the State Court Action. Therefore, the requirement that all properly joined and served defendants consent to removal is inapplicable. *See* 28 U.S.C. § 1446(b)(2)(A).

31. Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the Southern District of New York is the district and division embracing New York County, where the State Court Action is pending. *See* 28 U.S.C. § 112(b).

32. True and correct copies of any process, pleadings, and orders filed in the State Court Action, including the Summons and Complaint and Exhibit A thereto, are attached hereto as **Exhibit A**. No process, pleadings, or orders have been served on OOCL. The jurisdictional documents described in paragraph 18, including its sub-parts (a) through (c) above are attached as **Exhibits B**, **C**, and **D**.

33. Pursuant to Federal Rule of Civil Procedure 7.1, OOCL is filing its Rule 7.1 Disclosure Statement concurrently with this Notice of Removal.

34. OOCL reserves the right to amend or supplement this Notice of Removal and to submit additional evidence and argument in support of federal jurisdiction, including in response to any motion to remand. *See* 28 U.S.C. § 1653.

35. After filing this Notice of Removal, OOCL will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file a copy with the Clerk of the Supreme Court of the State of New York, County of New York, in accordance with 28 U.S.C. § 1446(d).

**NON-WAIVER OF DEFENSES**

36. By removing this action from the Supreme Court of the State of New York, OOCL does not waive, and expressly preserves, all defenses, objections, and rights available to it, including without limitation defenses based on insufficient process and service of process, personal jurisdiction, and the terms of the Agreement and the Bills of Lading, and all rights and limitations of liability under COGSA.

37. By removing this action from the Supreme Court of the State of New York, OOCL does not admit any of the allegations in the Complaint.

**WHEREFORE,** OOCL removes the above-captioned action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: October 30, 2026
New York, New York

**HOLLAND & KNIGHT LLP**

By: _/s/ Samantha Nicole B. Ladines_
Christopher R. Nolan
Samantha Nicole B. Ladines
787 Seventh Avenue, 31st Floor
New York, NY 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
chris.nolan@hklaw.com
samantha.ladines@hklaw.com

*Attorneys for Defendant*