# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
VS SERVICE COMPANY, LLC,

Plaintiff,

-against-

ORIENT OVERSEAS CONTAINER LINE LIMITED,

Defendant.
-------------------------------------------------------------------X

Index No.

**SUMMONS**

To the above-named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the Defendant's place of business, which is Orient Overseas Container Line Limited, c/o OOCL (USA) Inc., Wall Street Plaza, 88 Pine Street, 11th Floor, New York, New York 10005.

Dated: New York, New York
October 2, 2026

BY: Sarah C. Perez (6151260)
PEREZ & MORRIS, LLC
Attorneys for Plaintiff
**VS SERVICE COMPANY LLC**
445 Hutchinson Avenue, Suite 600
Columbus, Ohio 43235
T: 614-431-1500
F: 614-431-3885
sperez@perez-morris.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
VS SERVICE COMPANY, LLC, , Index No.

Plaintiff, **COMPLAINT**

-against-

ORIENT OVERSEAS CONTAINER LINE LIMITED,

Defendants.
-------------------------------------------------------------------X

For its Complaint against Orient Overseas Container Line Limited ("OOCL" or "Defendant"), Plaintiff, VS Service Company LLC ("VS" or "Plaintiff"), allege as follows:

## PARTIES

1. VS Service Company LLC is a Delaware Limited Liability Company, with an Ohio principal business address of Three Limited Parkway, Columbus, Ohio 43230.

2. Upon information and belief, Orient Overseas Container Line Limited is a Hong Kong corporation conducting business in this judicial district as a common carrier of goods by water, with an office and place of business at 31/F Harbour Centre, Wanchai, Hong Kong.

## JURISDICTION AND VENUE

3. This Court has general original jurisdiction in law and equity. NY CLS Const Art VI, § 7.

4. This action seeks in personam monetary relief for cargo loss and damage arising from a maritime shipment. The federal admiralty-jurisdiction statute preserves to suitors remedies otherwise available to them. 28 U.S.C. § 1333.

5. This Court has personal jurisdiction over the Defendant because it does business within the District.

6. This Court has personal jurisdiction over the Defendant because, in the contract governing the shipment at issue, Defendant expressly agreed to submit to the jurisdiction of the state and federal courts located in New York.

7. Venue is proper in this District because the Defendant is subject to personal jurisdiction in the District, the subject contract contains choice of forum clauses that call for or permit the jurisdiction of this Court, and because the Defendant has waived all objections to venue in this District.

## FACTUAL BACKGROUND

8. Plaintiff refers to and incorporates by reference paragraphs 1-6 as though fully set forth herein.

9. On or about May 1, 2025, Plaintiff and Defendant entered into a Service Contract (the "Agreement") under which Defendant agreed to provide transportation services in international commerce to Plaintiff, including but not limited to the transportation of various goods, identified as Purchase Order Nos. 5100569837; 5100569850; 5100569894; 5100570614; 5100570616; 5100571121; 5100571123; 5100574517; 5100580942; 5100580963; and 5100583450 (collectively, the "Cargo") from Haiphong, Vietnam to Reynoldsburg, Ohio, on or about August 27, 2025 (the "Shipment"). The Agreement is not attached to this Complaint as it is in the possession of both Plaintiff and Defendant and is subject to confidentiality provisions contained therein. A copy of the bill of lading for the subject Shipment is attached hereto in Exhibit A.

10. Under Section 6(a) of the Agreement, Defendant agreed to provide safe, timely, complete and secure services, including the receipt, loading, ocean transport, unloading, handling, delivery, and any other services with respect to commodities tendered to it by Plaintiff.

11. Under Section 6(f) of the Agreement, Defendant also agreed to use best efforts to keep Plaintiff's commodities safe, secure, and duly accounted for.

12. Under Section 10(b) of the Agreement, Defendant agreed to be responsible for the care, custody and control of Plaintiff's goods from tender through delivery to the consignee, and to be liable to Plaintiff for up to $500 per carton pursuant to COGSA where Plaintiff's commodities are lost or damaged while under Defendant's custody or control.

13. Defendant accepted the Shipment to be carried in container UETU5156702 from Haiphong, Vietnam to Reynoldsburg, Ohio via the port of Long Beach, California aboard COSCO KAOHSIUNG in the same good order and condition as when received under FCR HAWB Nos. R5T0569861; R5T0569862; R5T0569865; and R5T0569877 (the "Bills of Lading") and the Agreement.

14. Defendant's duties to Plaintiff included those of a common carrier in accordance with COGSA and those identified in the Agreement.

15. This action involves loss of a portion of the Cargo, including 556 cartons containing 36,739 units that were missing upon delivery.

16. The Shipment was in good order and condition when it was tendered to Defendant at or near Haiphong, Vietnam for transport to Reynoldsburg, Ohio.

17. At the time of delivery in the United States on or about October 3, 2025, the Shipment was missing 556 cartons of goods. This loss occurred during Defendant's period of responsibility.

18. Due to said loss, the Cargo was unavailable for its intended distribution, sale, and/or end-use.

19. The aforementioned loss was caused by Defendant's breach of contract and its duties under COGSA and the general maritime law as well as Defendant's negligent failure to properly inspect, load, stow, carry, protect, care for, and deliver the Shipment.

**FIRST CAUSE OF ACTION**

**(Loss of Cargo – COGSA)**

20. Plaintiff refers to and incorporates by reference paragraphs 1-19 as though fully set forth herein.

21. In or around August 2025, Defendant received the Cargo under the Agreement and the applicable Bills of Lading, and in return for good and valuable consideration, agreed to carry the Cargo from Haiphong, Vietnam to Reynoldsburg, Ohio via the port of Long Beach, California, in the same good order and condition as when received.

22. In breach of and in violation of the Agreement, the Bills of Lading and its duties as a common carrier of goods by sea, Defendant failed and neglected to carry, handle, and monitor the Cargo to maintain its good order and condition as when received, resulting in 556 cartons of the Cargo being lost while in Defendant's care and custody and consequently, were never delivered to Plaintiff.

23. By reason of the foregoing, the damages total the sum of $278,000.00, in accordance with the $500 per carton liability limit provided in COGSA, no part of which has been paid by Defendant, though duly demanded.

**SECOND CAUSE OF ACTION**

**(Breach of Contract)**

24. Plaintiff refers to and incorporates by reference paragraphs 1-23 as though fully set forth herein.

25. In or around August 2025, Defendant received the Cargo under the applicable Bills of Lading and the Agreement, and in return for good and valuable consideration, agreed to carry the Cargo from Haiphong, Vietnam to Reynoldsburg, Ohio via the port of Long Beach, California in the same good order and condition as when received.

26. Under Section 6(a) of the Agreement, Defendant agreed to provide safe, complete and secure services, including the receipt, loading, ocean transport, unloading, handling, delivery, and any other services with respect to commodities tendered to it by Plaintiff.

27. Under Section 6(f) of the Agreement, Defendant also agreed to keep Plaintiff's commodities safe, secure, and duly accounted for.

28. In breach of the Agreement and the applicable Bills of Lading, Defendant did not deliver the Shipment in the same good order, condition, and quantity as when received. To the contrary, 556 cartons of the Cargo were lost while in Defendant's care and custody and were never delivered to Plaintiff.

29. Plaintiff performed all of its duties under the Agreement and the applicable Bill of Lading.

30. By reason of the Defendant's failure to deliver the Shipment in the same good order and condition as received, Defendant has caused a loss in the amount of $278,000.00, no part of which has been paid by Defendant, though duly demanded.

**THIRD CAUSE OF ACTION**

**(Negligence)**

31. Plaintiff refers to and incorporates by reference paragraphs 1-30 as though fully set forth herein.

32. Defendant owed Plaintiff a duty of care pursuant to the Agreement and those duties of a common carrier in accordance with COGSA to ensure that the Cargo was transported in the manner negotiated by the parties, and/or in a way to prevent damage to or loss of the Cargo.

33. In failing to deliver the Shipment in the same good order and condition as received and losing 556 cartons of the Cargo while the Shipment was in its care and custody, Defendant breached its duties owed to Plaintiff.

34. The loss to the Cargo was directly and proximately caused by the negligence and carelessness of Defendant.

35. As a direct and proximate result of such conduct, Plaintiff has been damaged in the sum of $278,000.00, plus interests and costs, no part of which has been paid by Defendant, though duly demanded.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1. For general damages in the sum of $278,000.00,
2. For costs of suit herein, and
3. For such other and further relief as this Court deems just and proper.

Dated: October 2, 2026

Respectfully submitted,

______________________

BY: Sarah C. Perez (6151260)
PEREZ & MORRIS, LLC
Attorneys for Plaintiff
**VS SERVICE COMPANY LLC**
445 Hutchinson Avenue, Suite 600
Columbus, Ohio 43235
T: 614-431-1500
F: 614-431-3885
sperez@perez-morris.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------X

VS SERVICE COMPANY, LLC,, Index No.

Plaintiff,

**VERIFICATION**

-against-

ORIENT OVERSEAS CONTAINER LINE LIMITED,

Defendant.

---------------------------------------------------------------------X

Sarah C. Perez, Esq., an attorney admitted to practice before the Courts of the State of New York, affirms under the penalties of perjury: I am an attorney with the Law Firm of PEREZ & MORRIS LLC, attorneys' of record for PLAINTIFF named herein. I have read the annexed VERIFIED COMPLAINT and know the contents thereof, and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief and to those matters, I believe them to be true. My belief as to those matters therein stated upon information and belief is based upon the file maintained in this office and discussions with my clients.

This verification is made by me because my client is presently unavailable.

Dated: New City, New York
October 2, 2026

______________________________
Sarah C. Perez, Esq.

# Exhibit A

ORIENT OVERSEAS CONTAINER LINE

**SEA WAYBILL** (Non Negotiable)

COPY NON NEGOTIABLE

SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS)
REGINA MIRACLE INTL(VIET NAM) CO.,LTD,NO.9, EAST-WEST STREET,VSIP INDUSTRIAL AND SERVICE PARK, THUY NGUYEN WARD, HAI PHONG CITY, VIET NAM

BOOKING NO.: 2763709300
SEA WAYBILL NO. (WAYBILL): OOLU2763709309

EXPORT REFERENCES
FWDR REF 55T0291458
SID 231-83679548876
SHPR REF 231-83679548876,
5100571121-1, 5100580963-1,

CONSIGNEE (COMPLETE NAME AND ADDRESS)
MII BRAND IMPORT LLC
4 LIMITED PARKWAY
REYNOLDSBURG OH 43068
UNITED STATES

FORWARDING AGENT-REFERENCES
FMC NO.:
EXPEDITORS VIETNAM COMPANY LIMITED
3/F THE FLEMINGTON TOWER, 182 LE DAI HANH STREET*

POINT AND COUNTRY OF ORIGIN OF GOODS

NOTIFY PARTY (COMPLETE NAME AND ADDRESS) (It is agreed that no responsibility shall be attached to the Carrier or its Agents for failure to notify (see Clause 13 on reverse))
RETAIL BROKERAGE SOLUTIONS
FOREIGN TRADE ZONE DEPT. 4
LIMITED PARKWAY
REYNOLDSBURG OH 43068, USA
ATTN: JASON MARTIN

ALSO NOTIFY PARTY-ROUTING & INSTRUCTIONS
*WARD 15, DISTRICT 11,
HCM CITY, VIETNAM

| | |
|---|---|
| PRE-CARRIAGE BY: | PLACE OF RECEIPT: HAIPHONG |
| VESSEL/VOYAGE/FLAG: COSCO KAOHSIUNG 112E | PORT OF LOADING: HAIPHONG |
| LOADING PIER/TERMINAL: | ORIGINALS TO BE RELEASED AT: HAI PHONG |
| PORT OF DISCHARGE: LONG BEACH, CA | PLACE OF DELIVERY: REYNOLDSBURG, OH |

TYPE OF MOVEMENT (IF MIXED, USE DESCRIPTION OF PACKAGES AND GOODS FIELD): FCL / FCL CY/DOOR

(CHECK "HM" COLUMN IF HAZARDOUS MATERIAL)

**PARTICULARS DECLARED BY SHIPPER BUT NOT ACKNOWLEDGED BY THE CARRIER**

| CNTR. NOS. W/SEAL NOS. MARK & NUMBERS | QUANTITY (FOR CUSTOMS DECLARATION ONLY) | HM | DESCRIPTION OF GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|---|
| UETU5156702 /OOLKMJ9051 / | | | 566 CARTONS /FCL/FCL /40HQ/1 OF 4 PARTS | | |
| EI REF: 55T0291458 | 566 CARTONS | | WOMENS BRA & LEGGING PANT<br>PO#<br>5100571121<br>5100580963<br>5100569894<br>5100583450<br>5100571123<br>5100570616<br>5100570614<br>5100569837<br>5100570632<br>5100574517<br>5100569850<br>HS#621210<br>HS#610463 | 5481.540KGS | 48.740CBM |

** TO BE CONTINUED ON ATTACHED LIST **

**NOTICE 1:** For carriage to or from the United States of America,(i) Clauses 4 and 23 on the reverse side hereof limit the Carrier's liability to a maximum of U.S.$500 per package or customary freight unit by virtue or incorporation of the U.S. Carriage of Goods by Sea Act ("COGSA"),unless the Merchant declares a higher cargo value below and pays the Carrier's ad valorem freight charge; and (ii) if carried on deck at Merchant's risk as to perils inherent in such carriage but in all other respects subject to the provisions of COGSA.
**NOTICE 2:** See Clause 28 on the reverse side hereof: Notice to Endorsee and/or Holder and/or Transferee.
**NOTICE 3:** If Goods carried on deck at Merchant's risk without responsibility for loss or damage howsoever caused.

**Declared Cargo Value US$____________________________.If Merchant enters a value, Carrier's limitation of liability shall not apply and the ad valorem rate will be charged.**

FREIGHT & CHARGES PAYABLE AT/BY:
SERVICE CONTRACT NO.: PE253052
DOC FORM NO.:
COMMODITY CODE:

| CODE | TARIFF ITEM | FREIGHTED AS | RATE | PREPAID | COLLECT |
|---|---|---|---|---|---|
| | | | | | |

Received the Container/Package or other units indicated in the box identified as "Total No. of Containers/Packages received and acknowledged by Carrier" in apparent good order and condition, unless otherwise indicated, to be transported and delivered as herein provided.

The receipt, custody, carriage and delivery of the goods are subject to the terms appearing on the face and back hereof and to the Carrier's applicable tariff.

In witness whereof 0 original bills of lading have been signed, one of which being accomplished, the other(s) to be void.

DATE CARGO RECEIVED: 27 AUG 2025
DATE LADEN ON BOARD o: 30 AUG 2025
DATED: 30 AUG 2025

SIGNED OOCL (VIETNAM) CO., LTD
BY:

, as agent for
ORIENT OVERSEAS CONTAINER LINE, AS CARRIER♦

The printed terms and conditions appearing on the face and reverse side of this Bill of Lading are available at www.oocl.com, in OOCL's published US tariffs, and in pamphlet form.

+ STRIKE OUT FOR ON BOARD VESSEL BILL OF LADING
♦ SEE CLAUSE 1 ON REVERSE SIDE
o SEE CLAUSE 2 ON REVERSE SIDE
QF001
HQD 01/01

COPY NON NEGOTIABLE

PAGE: 2 OF 2

VESSEL: COSCO KAOHSIUNG

VOYAGE: 112E

SEA WAYBILL NO.: OOLU2763709309

| CNTR. NOS. W/SEAL NOS. MARK & NUMBERS | QUANTITY (FOR CUSTOMS DECLARATION ONLY) | H M | DESCRIPTION OF GOODS | GROSS WEIGHT | MEASUREMENT |
| --- | --- | --- | --- | --- | --- |

OCEAN FREIGHT COLLECT
TOTAL NO. OF CONTAINERS/PACKAGES RECEIVED & ACKNOWLEDGED BY CARRIER FOR THE PURPOSE OF CALCULATION OF PACKAGE LIMITATION (IF APPLICABLE): 1 CONTAINER(S)/PACKAGE(S)
DESTINATION CHARGES COLLECT PER LINE TARIFF, AND TO BE COLLECTED FROM THE PARTY WHO LAWFULLY DEMANDS DELIVERY OF THE CARGO.
SHIPPER LOAD AND COUNT, CONTAINER(S) SEALED BY SHIPPER
**ADDITIONAL EXTERNAL REFERENCES**
5100569894-1, 5100583450-1, 5100571123-1, 5100570616-1, 5100570614-1, 5100569837-1, 5100570632-1, 5100574517-1, 5100569850-1, 6926
SC# PE253052

SIGNED BY: OOCL (VIETNAM) CO., LTD

, as agent for

ORIENT OVERSEAS CONTAINER LINE, AS CARRIER♦

ORIENT OVERSEAS CONTAINER LINE

COPY NON NEGOTIABLE

**SEA WAYBILL** (Non Negotiable)

SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS)
REGINA MIRACLE INTL(VIET NAM) CO.,LTD,NO.9, EAST-WEST STREET,VSIP INDUSTRIAL AND SERVICE PARK, THUY NGUYEN WARD, HAI PHONG CITY, VIET NAM

BOOKING NO.: 2763709300
SEA WAYBILL NO. (WAYBILL): OOLU2763709300

EXPORT REFERENCES
FWDR REF 55T0291453
SID 231-80290395103
SHPR REF 231-80290395103, 5100580942-3, 5100583719-2, 6926

CONSIGNEE (COMPLETE NAME AND ADDRESS)
MII BRAND IMPORT LLC
4 LIMITED PARKWAY
REYNOLDSBURG OH 43068
UNITED STATES

FORWARDING AGENT-REFERENCES
FMC NO.:
EXPEDITORS VIETNAM COMPANY LIMITED
3/F THE FLEMINGTON TOWER, 182 LE DAI HANH STREET*

POINT AND COUNTRY OF ORIGIN OF GOODS

NOTIFY PARTY (COMPLETE NAME AND ADDRESS) (It is agreed that no responsibility shall be attached to the Carrier or its Agents for failure to notify (see Clause 13 on reverse))
RETAIL BROKERAGE SOLUTIONS
FOREIGN TRADE ZONE DEPT. 4
LIMITED PARKWAY
REYNOLDSBURG OH 43068, USA
ATTN: JASON MARTIN

ALSO NOTIFY PARTY-ROUTING & INSTRUCTIONS
*WARD 15, DISTRICT 11,
HCM CITY, VIETNAM

| PRE-CARRIAGE BY | PLACE OF RECEIPT | | |
|---|---|---|---|
| | HAIPHONG | | |
| **VESSEL/VOYAGE/FLAG** | **PORT OF LOADING** | **LOADING PIER/TERMINAL** | **ORIGINALS TO BE RELEASED AT** |
| COSCO KAOHSIUNG 112E | HAIPHONG | | HAI PHONG |
| **PORT OF DISCHARGE** | **PLACE OF DELIVERY** | **TYPE OF MOVEMENT (IF MIXED, USE DESCRIPTION OF PACKAGES AND GOODS FIELD)** | |
| LONG BEACH, CA | REYNOLDSBURG, OH | FCL / FCL | CY/DOOR |

(CHECK "HM" COLUMN IF HAZARDOUS MATERIAL)

**PARTICULARS DECLARED BY SHIPPER BUT NOT ACKNOWLEDGED BY THE CARRIER**

| CNTR. NOS. W/SEAL NOS. MARK & NUMBERS | QUANTITY (FOR CUSTOMS DECLARATION ONLY) | HM | DESCRIPTION OF GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|---|
| UETU5156702 /OOLKMJ9051 / EI REF: 55T0291453 | 24 CARTONS | | 24 CARTONS /FCL/FCL /40HQ/1 OF 4 PARTS WOMENS CROPPED TOP & BRA PO# 5100580942 5100583719 HS#611430 HS#621210 | 248.280KGS | 1.970CBM |
| TOTAL: | 24 CARTONS | | | 248.280KGS | 1.970CBM |
| FSCU8959412 /OOLKMJ9007 / | 21 CARTONS | | 21 CARTONS /FCL/FCL /40HQ/1 OF 2 PARTS | 205.880KGS | 1.550CBM |
| TOTAL: | 21 CARTONS | | | 205.880KGS | 1.550CBM |
| TOTAL: | 45 | | | 454.160KGS | 3.520CBM |

** TO BE CONTINUED ON ATTACHED LIST **

**NOTICE 1:** For carriage to or from the United States of America,(i) Clauses 4 and 23 on the reverse side hereof limit the Carrier's liability to a maximum of U.S.$500 per package or customary freight unit by virtue or incorporation of the U.S. Carriage of Goods by Sea Act ("COGSA"),unless the Merchant declares a higher cargo value below and pays the Carrier's ad valorem freight charge; and (ii) if carried on deck at Merchant's risk as to perils inherent in such carriage but in all other respects subject to the provisions of COGSA.
**NOTICE 2:** See Clause 28 on the reverse side hereof: Notice to Endorsee and/or Holder and/or Transferee.
**NOTICE 3:** If Goods carried on deck at Merchant's risk without responsibility for loss or damage howsoever caused.

**Declared Cargo Value US$_________________________.If Merchant enters a value, Carrier's limitation of liability shall not apply and the ad valorem rate will be charged.**

FREIGHT & CHARGES PAYABLE AT/BY:

SERVICE CONTRACT NO.: PE253052
DOC FORM NO.:
COMMODITY CODE:

| CODE | TARIFF ITEM | FREIGHTED AS | RATE | PREPAID | COLLECT |
|---|---|---|---|---|---|
| | | | | | |

Received the Container/Package or other units indicated in the box identified as "Total No. of Containers/Packages received and acknowledged by Carrier" in apparent good order and condition, unless otherwise indicated, to be transported and delivered as herein provided.

The receipt, custody, carriage and delivery of the goods are subject to the terms appearing on the face and back hereof and to the Carrier's applicable tariff.

In witness whereof 0 original bills of lading have been signed, one of which being accomplished, the other(s) to be void.

DATE CARGO RECEIVED: 27 AUG 2025

DATE LADEN ON BOARD o: 30 AUG 2025

DATED: 30 AUG 2025

The printed terms and conditions appearing on the face and reverse side of this Bill of Lading are available at www.oocl.com, in OOCL's published US tariffs, and in pamphlet form.

+ STRIKE OUT FOR ON BOARD VESSEL BILL OF LADING
♦ SEE CLAUSE 1 ON REVERSE SIDE
o SEE CLAUSE 2 ON REVERSE SIDE
QF001
HQD 01/01

SIGNED OOCL (VIETNAM) CO., LTD
BY:

, as agent for
ORIENT OVERSEAS CONTAINER LINE, AS CARRIER♦

COPY NON NEGOTIABLE



VESSEL: COSCO KAOHSIUNG

VOYAGE: 112E

SEA WAYBILL NO.: OOLU2763709300

| CNTR. NOS. W/SEAL NOS. MARK & NUMBERS | QUANTITY (FOR CUSTOMS DECLARATION ONLY) | H M | DESCRIPTION OF GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|---|
| | CARTONS | | | | |

OCEAN FREIGHT COLLECT
TOTAL NO. OF CONTAINERS/PACKAGES RECEIVED & ACKNOWLEDGED BY CARRIER FOR THE PURPOSE OF CALCULATION OF PACKAGE LIMITATION (IF APPLICABLE): 2 CONTAINER(S)/PACKAGE(S)
DESTINATION CHARGES COLLECT PER LINE TARIFF, AND TO BE COLLECTED FROM THE PARTY WHO LAWFULLY DEMANDS DELIVERY OF THE CARGO.
SHIPPER LOAD AND COUNT, CONTAINER(S) SEALED BY SHIPPER
**ADDITIONAL EXTERNAL REFERENCES**
SC# PE253052

SIGNED BY: OOCL (VIETNAM) CO., LTD

, as agent for

ORIENT OVERSEAS CONTAINER LINE, AS CARRIER♦